```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

ANNE FARSON,

       Plaintiff,

v.                            Case No. 8:13-cv-2289-T-33TGW

CARRINGTON MORTGAGE SERVICES,
LLC and JOHN DOE LOAN OWNER,
INC.,

       Defendants.
_____/

## **ORDER**

This matter comes before the Court in consideration of Defendant Carrington Mortgage Services, LLC's Motion to Dismiss Complaint (Doc. # 7), filed on September 25, 2013. Plaintiff Anne Farson filed a response in opposition to the Motion (Doc. # 10) on September 30, 2013. For the reasons that follow, the Motion is granted in part and denied in part. Farson may file an amended complaint on or before November 6, 2013.

## **I.   Background**

Carrington Mortgage is the loan servicer for a mortgage on certain real property owned by Farson. (Doc. # 2 at ¶¶ 3-4). Farson's property is located in Hillsborough County, Florida. (Id. at ¶ 3). Farson alleges in the

alternative that Carrington Mortgage "owns the Note and Mortgage on Plaintiff's property and . . . is not servicing the loan for a third party." (Id. at ¶ 5).

Farson claims to be "without knowledge as to whether [Carrington Mortgage] is the owner . . . [or] merely a third party servicer because [Carrington Mortgage] failed to provide such information" in response to a Qualified Written Request (QWR) sent by Farson's counsel to Carrington Mortgage in May of 2013. (Id.). Farson alleges that the QWR, dated May 8, 2013, was received by Carrington Mortgage on May 13, 2013. (Id. at ¶ 9; Doc. # 2-1 at 1).

Farson's QWR requested, among other information, (1) "A complete payment history which lists the dates and amounts of all the payments [Farson has] made on the loan to date, and shows how each payment was applied or credited"; (2) "The name and address of the owner of the promissory note secured by the deed of trust in the mortgage loan"; (3) "The names of all entities to which the promissory note . . . has been sold or otherwise transferred at any time"; and (4) "The names of all entities to which this mortgage or deed of trust has been assigned . . . ." (Doc. # 2-1 at 1-2).

Farson intiated the present action on July 31, 2013, by filing a two-count Complaint in the County Court in and for Hillsborough County, Florida. (Doc. # 1 at 1). On September 4, 2013, Carrington Mortgage removed the case to this Court, stating as grounds for removal this Court's original jurisdiction pursuant to 28 U.S.C. § 1331. (Id.).

Within the Complaint, Farson alleges (1) that Carrington Mortgage has violated the Real Estate Settlement Procedures Act (RESPA) by failing to timely respond to Farson's QWR within thirty days as required by 12 U.S.C. § 2605(e)(2), and by failing to acknowledge receipt of the QWR within five days as required by 12 U.S.C. § 2605(e)(1)(A); and (2) that Carrington Mortgage has violated the Truth in Lending Act by failing to sufficiently disclose the identity of the owner of the Note and Mortgage as required by 15 U.S.C. § 1641(f)(2), and by failing to provide a timely "Notice of Sale, Transfer, or Assignment" as required by 15 U.S.C. § 1641(g). (Doc. # 2).

On September 25, 2013, Carrington Mortgage filed the instant Motion to Dismiss. (Doc. # 7). Farson filed a response in opposition to the Motion on September 30, 2013. (Doc. # 10). The Court has reviewed the Motion as well as

the response and is otherwise fully advised in the premises.

## II. Legal Standard

In reviewing a motion to dismiss for failure to state a claim, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Discussion

As a preliminary matter, the Court notes that the present Motion to Dismiss has not been converted into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(c) because the Court has not considered matters outside the pleadings. Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 7(a), 10(c); see also Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

In the Motion to Dismiss, Carrington Mortgage urges the Court to consider its "acknowledgement and complete response" to Farson's QWR, which Carrington Mortgage has attached as an exhibit to the Motion. (Doc. # 7 at 2). However, "a document attached to a motion to dismiss may be considered by the court without converting the motion into

one for summary judgment only if the attached document is: (1) central to the plaintiff's claim and (2) undisputed." Horsley, 304 F.3d at 1134. "In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Thus, "if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement . . . ." Id.

Although Farson does not directly challenge the authenticity of Carrington Mortgage's responses attached to the Motion to Dismiss, Farson does argue in response to the Motion that "Defendant has not provided Anne Farson with admissible evidence to establish or prove it is neither the owner nor assignee of the loan." (Doc. # 10 at 6). The Court need not determine the extent to which this argument effectively disputes the authenticity of those documents, however, because the Court determines that the responses are not central to Farson's Complaint.

Crucial to this determination is the distinction between a document that is central to a plaintiff's claim and a document that is central to a defendant's affirmative defense. As the Eleventh Circuit explained in Lockwood v.

6

Beasley, 211 F. App'x 873, 877 (11th Cir. 2006), "[a]s to whether a document is central to the plaintiff's case, . . . we consider[ ] whether the plaintiff would have to offer the document to prove his case." In Lockwood, the Eleventh Circuit determined that the district court converted a motion to dismiss into a motion for summary judgment by consulting certain documents that "[did] not need to be offered by Lockwood in order to prove his case; [rather,] they are relevant to the defendants' affirmative defense." Id.

In this case, viewing the Complaint in the light most favorable to Farson, the Court does not consider Carrington Mortgage's acknowledgement and response to the QWR to be central to Farson's case, since Farson could have brought the same claims under RESPA and TILA regardless as to whether Carrington Mortgage had responded at all. Thus, the Court declines to consider Carrington Mortgage's attached acknowledgement and response in resolving the present Motion.

**A. RESPA**

Farson's RESPA claims are derived from two separate statutory provisions: 12 U.S.C. §§ 2605(e)(1)(A) and (e)(2). Section 2605(e)(1)(A) provides that, if a servicer

7

of a federally related mortgage loan receives a QWR from the borrower (or an agent of the borrower) for information relating to the servicing of the loan, the servicer must provide a written response acknowledging receipt of the correspondence within a certain number of days. See 12 U.S.C. § 2605(e)(1)(A). Section 2605(e)(2) requires a servicer in receipt of a QWR "to make appropriate corrections to the account, provide a written explanation or clarification to the borrower regarding why the servicer believes the account is correct, or provide information requested by the borrower and the name of a contact person." Whittaker v. Wells Fargo Bank, N.A., No. 6:12-cv-98-Orl-28GJK, 2013 WL 5442270, at *2 (M.D. Fla. Sept. 27, 2013) (citing 12 U.S.C. § 2605(e)(2)).

Without elaboration, Farson alleges that Carrington Mortgage has violated section 2605(e)(1)(A) by failing to "acknowledge receipt of [Farson's] QWR within five (5) days," and that Carrington Mortgage has additionally violated section 2605(e)(2) by failing to "properly respond to the QWR within thirty (30) days." (Doc. # 2 at ¶¶ 20, 21). However, Carrington Mortgage argues that, by specifying five days and thirty days as the statutory deadlines for a servicer's acknowledgement and response,

8

Farson "incorrectly references a version of the statute that has not yet even gone into effect." (Doc. # 7 at 2).

Indeed, Farson's allegations rely on the response times specified in the Dodd-Frank amendments to RESPA, which, according to Carrington Mortgage, have not yet taken effect. The Tenth Circuit recently explained the relevant legislative history as follows:

> In implementing RESPA pursuant to § 2617, the Secretary of the Department of Housing and Urban Development (HUD) promulgated 24 C.F.R. § 3500.21. On July 21, 2011, the Bureau of Consumer Financial Protection (Bureau) assumed HUD's consumer-protection function under RESPA pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376. Thereafter, the Bureau adopted HUD's previous regulation, including Regulation X[,] [RESPA's implementing regulation]. See 12 C.F.R. 1024.21. The Dodd-Frank Act, among other changes, decreased the response time in § 2605(e) from twenty days to five and from sixty days to thirty days, but has not yet taken effect. See Pub. L. 111-203 §§ 1400(c), 1463, 124 Stat. 1376, 2183-84 (stating that "a section, or provision thereof, of this title shall take effect on the date on which the final regulations implementing such section, or provision, take effect" or, if no regulations have been issued, "on the date that is 18 months after the designated transfer date," July 21, 2011, which would be January 21, 2013). On January 17, 2013, the Bureau issued a final rule implementing the Dodd-Frank amendments to RESPA and amending Regulation X, with an effective date of January 10, 2014.

Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1145 n.3 (10th Cir. 2013).

9

Although the Tenth Circuit appears to have conclusively decided the effective date of the Dodd-Frank amendments as they apply to RESPA, the parties in the instant case offer no Eleventh Circuit precedent on point, and this Court has found none. However, many other courts have considered this matter and have come to the same conclusion articulated in Berneike; that is, the reduced response times have not yet taken effect. See Henderson v. Wells Fargo Bank, N.A., No. 3:12-cv-3935-L, 2013 WL 5433498, at *19 (N.D. Tex. Sept. 30, 2013) ("In July of 2010, RESPA was amended by Congress to reduce the time period under section 2605(e)(1)(A) from twenty days to five days . . . . The Dodd-Frank amendments, however, are not effective until January 10, 2014."); Steele v. Quantum Serv. Corp., No. 3:12-cv-2897-L, 2013 WL 3196544, at *6 (N.D. Tex. June 25, 2013) (same); Brown v. Wells Fargo Bank, No. 6:12-cv-1663-AA, 2013 WL 1900629, at *2 n.1 (D. Or. May 4, 2013) ("[P]laintiffs do not allege that the amendment was in effect in March 2012, and it likely was not.") (citing Berneike, 708 F.3d at 1145 n.3); Smith v. Bank of Am. Home Loans, No. 2:11-cv-676-FtM-29DNF, 2013 WL 4080325, at *8 (M.D. Fla. Aug. 13, 2013) (referring to the response times as "the 20/60 day statutory period").

Still other courts, however, have presumed the reduced response times to apply in recent RESPA cases. See, e.g., Mernatti v. Nationstar Mortg., LLC, No. 12-14580, 2013 WL 5587821, at *7 n.2 (E.D. Mich. Oct. 10, 2013) ("Both parties rely on an old version of § 2605(e)(1), which was amended in 2010 and became effective on July 21, 2011."); Whittaker, 2013 WL 5442270, at *2 n.1 ("The statute has been amended and now provides for a five-day response time instead of a twenty-day response period.").

In response to the Motion to Dismiss, Farson neglects to address Carrington Mortgage's argument that the decreased response times imposed by the Dodd-Frank Act are inapplicable here. Instead, Farson argues in conclusory fashion that "Defendant has not properly addressed the[ ] RESPA violations," and thus that they should "survive Defendant's Motion to Dismiss." (Doc. # 10 at 3).

At this juncture, the Court need not determine whether the Dodd-Frank amendments have taken effect, because Farson's RESPA claims fail on other grounds. "To state a RESPA claim for failure to respond to a written request, a plaintiff must allege: (1) the defendant is a loan servicer under the statute; (2) the plaintiff sent a qualified written request consistent with the requirements of the

11

statute; (3) the defendant failed to respond adequately within the statutorily required days; and (4) the plaintiff has suffered actual or statutory damages." Correa v. BAC Home Loans Serv. LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *6 (M.D. Fla. Apr. 9, 2012) (citing Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010)).

In the present case, Farson fails to allege sufficient facts to show that she has suffered actual or statutory damages. With regard to damages, the Complaint merely states that "[t]he Plaintiff was damaged by the Defendant['s] failure to comply and contends that Defendant['s] actions are typical and exhibit a pattern or practice of noncompliance with the requirements of [ ] RESPA." (Doc. # 2 at ¶ 22).

"To seek statutory damages under § 2605, [a] Plaintiff must allege facts showing that there is a pattern or practice of noncompliance with the requirements of the section." Correa, 2012 WL 1176701, at *8. Farson has failed to plead such facts. The Complaint is similarly devoid of facts supporting any actual damages Farson has incurred as a result of the alleged RESPA violation. The Court thus finds that Farson has failed to plead a plausible claim for either actual or statutory damages, and

12

accordingly grants Carrington Mortgage's Motion to Dismiss with regard to Farson's claims under RESPA.

### B. TILA

Farson premises Carrington Mortgage's violation of the Truth in Lending Act upon two distinct statutory provisions: 15 U.S.C. §§ 1641(f)(2) and 1641(g). (Doc. # 2 at ¶¶ 24, 34). Section 1641(f)(2) provides, in relevant part: "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. § 1641(f)(2). Section 1641(g) provides that a creditor "that is the new owner or assignee of [a] debt shall notify the borrower in writing" no later than 30 days after the mortgage loan is sold or otherwise transferred. 15 U.S.C. § 1641(g).

Farson fails to allege any facts relating to the sale, transfer, or assignment of her mortgage loan. The Complaint merely reproduces the statutory requirements of section 1641(g). (See Doc. # 2 at ¶ 34). Thus, the Court grants Carrington Mortgage's Motion to Dismiss as to Farson's claim under section 1641(g).

As for Farson's claim under section 1641(f)(2), the Complaint contains ample legal conclusions but limited factual allegations. The facts supporting this claim consist of Farson's brief assertions that (1) the QWR requested that Carrington Mortgage disclose the identity of the current owner of the note and mortgage, and (2) Carrington Mortgage "failed to, or refused to sufficiently disclose" the identity of the owner of the note and mortgage. (Doc. # 2 at ¶¶ 25, 30). Although the factual support for Farson's section 1641(f)(2) claim admittedly is sparse, the Court notes that Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action." O'Connor & O'Connor v. Liberty Mut. Ins. Co., No. 6:13-cv-1389-Orl-31GJK, 2013 WL 5519868, at *1 (M.D. Fla. Oct. 2, 2013).

Carrington Mortgage argues that "Farson's allegations related to a supposed violation of section 1641(f)(2) fail, because Farson does not allege she is an obligor of a consumer credit transaction that is secured by her

14

principal dwelling, as required in order for [this provision] of TILA to apply." (Doc. # 7 at 3). More specifically, Carrington Mortgage argues that "Farson improperly fails to allege that she is the 'obligor' of the mortgage loan on her property, or that the mortgage loan was 'primarily for personal, family, or household purposes,'" as purportedly required by 15 U.S.C. § 1602(i). (Doc. # 7 at 8).

However, Carrington Mortgage has neglected to bolster this argument with a single case, from this jurisdiction or any other, demonstrating that these specific allegations are required to state a claim under section 1641(f)(2). Within the Complaint and the attachments thereto, Farson has (1) identified herself as a borrower, (2) identified Carrington Mortgage as her mortgage servicer, (3) alleged that she provided Carrington Mortgage with a written request for the name and address of the owner of the relevant obligation, and (4) alleged that Carrington Mortgage "failed to, or refused to sufficiently disclose the identity" of the owner of the obligation. (Doc. # 2 at ¶¶ 9, 15, 30; Doc. # 2-1 at 1-2). Furthermore, Farson more than once refers to the subject property as her "home." (Doc. # 2 at ¶¶ 5-6). At this juncture, mindful of the

15

meager pleading requirements of Rule 8(a), the Court finds these factual allegations sufficient to withstand Carrington Mortgage's Motion to Dismiss. Accordingly, the Court denies Carrington Mortgage's Motion to Dismiss as to Farson's section 1641(f)(2) claim.

### C. Mediation

In response to the Motion to Dismiss, Farson states:

> Anne Farson was, and still is, willing to mediate her claims. However, before [the parties] could mediate this case, the Defendant removed [this] action to [ ] federal court. In this connection, Anne Farson is requesting her case be submitted to Mediation prior to this court ruling on Defendant's Motion to Dismiss.

(Doc. # 10 at 2).

The Court reminds the parties that, pursuant to Local Rule 3.01(f), an application to the Court requesting relief in any form must be filed as an appropriate motion pursuant to Local Rule 1.05. Additionally, the Court notes that the parties are free to submit this case to mediation at any time without an order from the Court.[1] Farson's informal request to mediate this matter is thus immaterial to this Court's ruling on the present Motion to Dismiss.

---

[1] However, the Court cautions that a mediation conducted in the absence of a Middle District of Florida Certified Mediator will not relieve the parties of the requirement that they submit this case to court-annexed mediation in accordance with Local Rules 9.01-.07.

16

**IV. Conclusion**

The Court finds that Farson has sufficiently stated a claim under 15 U.S.C. § 1641(f)(2), and thus denies Carrington Mortgage's Motion to Dismiss as to that claim. The Motion is otherwise granted. The Court dismisses the remaining claims without prejudice so that Farson may have an opportunity to amend her Complaint to state a claim as to these matters, if possible. Farson may file an amended complaint on or before November 6, 2013.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendant Carrington Mortgage Services, LLC's Motion to Dismiss Complaint (Doc. # 7) is granted in part and denied in part as detailed herein.

(2) Plaintiff may file an amended complaint on or before November 6, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of October, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record